UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) 3:20 CV 0656 |
| | ) Hon. Marvin E. Aspen |
| CHANCELLOR ANNE C. MARTIN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

This civil rights lawsuit alleges that Defendant Chancellor Anne Martin, a judge of the Davidson County courthouse, deprived Plaintiff Deborah Russell of her constitutional rights in presiding over her case before the Tennessee state courts.[1] Before us is Chancellor Anne Martin's motion to dismiss. (Motion to Dismiss ("MTD") (Dkt. No. 10).) For the following reasons, we grant Chancellor Martin's motion to dismiss with prejudice.[2]

## BACKGROUND

The following facts are culled from the Complaint and taken as true for the purpose of this motion.

Plaintiff litigated underlying claims related to her mortgage in Tennessee state courts for more than fourteen years. (Compl. (Dkt. No. 1) at 2.) These underlying claims contend, among other things, that the refinancing agreement she entered into with HSBC was a fraudulent

---

[1] Plaintiff's five counts are civil rights violations under 42 U.S.C. § 1983 (Count I), due process violations (Count II), equal protection violations (Count III), civil conspiracy (Count IV), and "recklessness, gross negligence and negligence" (Count V).

[2] Plaintiff's motion for injunctive relief is accordingly denied as moot.

consumer financial transaction. (*Id.*) Plaintiff alleges that Chancellor Martin wrongly prevented her from pursuing those claims and in doing so violated her due process rights:

> [B]y refusing to conduct hearings, at all. While simultaneously Defendant Martin has continued to enter "order" after "order" which she claims reliance on the non-final "orders" by attempting to enforce "orders" that are barred, as a matter of law, from becoming final due to Ms. Russell's timely filed, still pending, unheard multiple motions, seeking to Alter or Amend the subject "order"

(*Id.* at 3.) Plaintiff further alleges that Chancellor Martin "flatly refused to allow Ms. Russell to be heard on those motions, while at the same time, Chancellor Martin attempts to force retroactive enforcement of specific terms in those non-final orders that are the subject of Ms. Russell's properly filed motions seeking to address the contents." (*Id.* at 4.) For example, Plaintiff alleges that Chancellor Martin indicated that she will dismiss Plaintiff's state court case(s) if she does not comply with a May 21, 2019 state court order. (*Id.*) Plaintiff characterizes that that amounts to extortion and a ransom demand. (*Id.*) Related, Plaintiff additionally alleges that Chancellor Martin engaged in improper *ex parte* communications with the defendants in Plaintiff's underlying state court litigation. (*Id.* at 5—6.) The Complaint additionally broadly alleges that Chancellor Martin "condoned, facilitated and then fraudulently concealed the fraud and crimes committed by the licensed attorneys in the underlying case, by removing and destroying portions of the public record." (*Id.* at 16.)

The Complaint also contains numerous allegations that Chancellor Martin, as well as a judge on Tennessee's appellate court, made erroneous legal rulings in the state court proceedings. (*See, e.g.*, *id.* at 7—9.) The Complaint goes on to provide an extensive overview of the state court appellate proceedings. (*See, e.g.*, *id.* at 21—33.)

## ANALYSIS

### I. Jurisdiction

We must first address whether we have jurisdiction in the first place to hear Plaintiff's grievance. We are prohibited from hearing cases brought by an unsatisfied party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006). Otherwise stated, federal district courts do not have subject matter jurisdiction to review cases litigated in state court. *See id.*; *see also Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Gottfried*, 142 F.3d at 330. This doctrine is commonly referred to as the *Rooker-Feldman* doctrine, and it controls even where the state court judgment is erroneous. *In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986). Especially relevant to the case before us is that we are not permitted to evaluate constitutional claims that are inextricably intertwined with the state court's decision. *See Holloway v. Brush*, 220 F.3d 767, 794 (6th Cir. 2000). "A federal claim is inextricably intertwined with a state-court proceeding if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* (internal citation and quotations omitted).

The *Rooker-Feldman* doctrine and principles of federalism apply to this case. By asking us to stay the underlying state court proceedings or otherwise assess monetary damages against Chancellor Martin for her work therein, Plaintiff essentially asks us to intervene with the state court's proceedings. *See Younger v. Harris*, 401 U.S. 37, 43—44 (1971) (federal courts are restrained from issuing injunctions against state judicial proceedings because that interferes with

state judicial actions); *see also Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("Federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").

If Plaintiff wishes to challenge Chancellor Martin's rulings, she should litigate those contentions before the state's appellate courts. And to the extent that Plaintiff has already appealed Chancellor Martin's conduct to the state's appellate court and is dissatisfied with the appellate court's rulings, her route for further appeal is to the Tennessee supreme court. And then, if appropriate, a petition for *certiorari* before the United States Supreme Court. The route for a litigant unsatisfied with a state appellate ruling is not to file a constitutional lawsuit before a federal trial court. Since we lack jurisdiction to hear Plaintiff's case, the motion to dismiss is granted. The Complaint is dismissed with prejudice.

## II. Official Capacity

To the extent that Chancellor Martin is sued in her official capacity, the Eleventh Amendment controls. Under the Eleventh Amendment, the state, its agencies, and its officers, are immune from lawsuits in their official capacities. *Seminole Tribe of Florida. v. Florida*, 517 U.S. 44, 54—55 (1996); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that a claim against a state official acting in her official capacity is treated as a claim against the state itself). Exceptions to this immunity are situations where the state waives its immunity or Congress overrides that immunity. *Id.* Section 1983 does not function to abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Nor did Tennessee waive its Eleventh Amendment immunity for such lawsuits. *See* Tenn. Code Ann. § 20-13-102(a); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).

4

Case 3:20-cv-00656   Document 21   Filed 10/19/20   Page 4 of 7 PageID #: 895

The Eleventh Amendment bars this official capacity lawsuit as pleaded because Chancellor Martin is a state employee who presides over the Davidson County Chancery Court. (Compl. at 1) Tenn. Code Ann. §§ 8-42-101(a)(3) & 16-10-102. Because none of the exceptions to Eleventh Amendment immunity apply, the Complaint against Chancellor Martin in her official capacity is dismissed with prejudice.

### III. Judicial Immunity

We next analyze Plaintiff's lawsuit to the extent that it sues Chancellor Martin in her individual capacity. A judge performing her judicial functions is absolutely immune from lawsuits seeking monetary damages. *See, e.g.*, *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991); *Parrish v. Bennett*, No. 3:20-cv-275, 2020 WL 3895187 at *4 (M.D. Tenn.). Judicial immunity is not overcome by allegations of bad faith or malice, nor by a judge acting erroneously, corruptly, or in excess of his jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Parrish*, 2020 WL 3895187 at *4. There are two sets of circumstances where judicial immunity is overcome. *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288. First, a judge is not immune from liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity. *Id*. Second, a judge is not immune for actions . . . taken in the complete absence of all jurisdiction. *Id*. A judge "acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court." *Johnson*, 125 F.3d at 333. The scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105 (1978)).

Here, Chancellor Martin is immune from Plaintiff's apparent attempt to manipulate federal civil rights law to relitigate an unfavorable state court ruling. First, Chancellor Martin

5

was acting in her judicial capacity when she issued her opinions. And as to the extent that Plaintiff asks us to consider Chancellor Martin's alleged *ex parte* interactions as a basis to circumvent judicial immunity, that misses its mark. Courts and judges often act *ex parte*: they issue search warrants in this manner, for example, often without any "case" having been instituted, and without the issuance of the warrant being subject to appeal. *Stump*, 435 U.S. at 363 n.12, 98 S. Ct. at 1108 n.12. Additionally, courts frequently have *ex parte* conversations with parties. Since *ex parte* communications are fundamentally part of a judge's job, their existence alone does not destroy judicial immunity. *Id.*

Plaintiff's bare assertion that Chancellor Martin illegally deleted information from the public record is insufficient to show that she acted "clearly outside the subject matter of the court." *Johnson*, 125 F.3d at 333; *Parrish*, 2020 WL 3895187 at *4 (allegation that a judge-defendant falsified statements in an Opinion is insufficient to show extrajudicial conduct). And in any event, to the extent that happened, that would be more appropriate as a basis for an appeal, not a constitutional lawsuit before the federal courts.

Accordingly, Plaintiff's lawsuit against Chancellor Martin is barred by the doctrine of judicial immunity and so we grant Chancellor Martin's motion to dismiss with prejudice.[3]

---

[3] The Complaint is also tardy. The statute of limitations for a § 1983 lawsuit is the period applicable to personal injury actions under the law of the relevant state. *Haley v. Clarksville-Montgomery City. School Syst.*, 353 F. Supp. 3d 724, 730 (M.D. Tenn. 2018). In Tennessee, that period is one year. Tenn. Code Ann. § 28-3-104(a)(3). The Complaint covers a period of around sixteen years, and centers on Chancellor Martin's actions in May 2019. (Compl. at 4, 6, 9, and 34.) Even giving Plaintiff the benefit of the doubt with regards to tolling, Plaintiff had to file this lawsuit by May 2020. Plaintiff filed the Complaint on July 30, 2020. (Compl. at 1.) Therefore, the Complaint is dismissed to the extent it is based on allegations occurring prior to July 30, 2019.

## CONCLUSION

For the foregoing reasons, Chancellor Martin's motion to dismiss is granted. (Dkt. Nos. 2 and 10.) The Complaint is dismissed with prejudice. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: October 19, 2020